IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| WILLIAM STONER, | : | |
|     Plaintiff, | : | |
| | : | |
| v. | : | No. 5:15-CV-102 (CAR) |
| | : | |
| CHIQUITA A. FYE, M.D., | : | |
| NORMAN HOWARD FITZ-HENLEY, | : | |
| M.D., unknown medical staff | : | |
| members, and unknown prison staff | : | |
| members, | : | |
| | : | |
|     Defendants. | : | |
| _____ | : | |

### ORDER ON PLAINTIFF'S MOTION TO EXCLUDE EXPERT TESTIMONY

Before the Court is Plaintiff William Stoner's Motion to Exclude [Doc. 23] Defendant Norman Howard Fitz-Henley, M.D.'s expert witnesses as untimely disclosed, pursuant to Fed. R. Civ. P. 26 and 37. Plaintiff requests the Court set the pretrial hearing without further delay and impose all appropriate sanctions permitted under Fed. R. Civ. P. 37(c)(1). For the reasons set forth below, the Plaintiff's Motion to Exclude [Doc. 23] is **DENIED**.

### BACKGROUND

Plaintiff William Stoner filed this suit seeking damages for injuries he sustained after suffering seizures while incarcerated at Macon State Prison. After the Court

granted in part and denied in part Defendants' Motion for Judgment on the Pleadings,[1] the Court entered the Scheduling and Discovery Order.[2] The original discovery deadline was March 9, 2016, with Plaintiff's deadline for filing expert disclosures on December 9, 2015, and Defendants' deadline on January 9, 2016. On January 7, 2015, Defendants filed an "Emergency Motion" requesting a six month extension for discovery. After a telephone conference on February 3, 2016, the Court extended the parties' discovery deadlines for an additional three months. Thus, the parties were to complete all discovery by June 15, 2016, and file any dispositive motions by August 1, 2016.[3]

On the last day of the discovery period, Defendant Dr. Fitz-Henley submitted Supplemental Expert Disclosures, identifying five additional experts–two retained experts and three treating physicians. Plaintiff now brings a Motion to Exclude [Doc. 23] the Supplemental Expert Disclosures as untimely.[4] Plaintiff argues Defendant violated the terms of the Court's Scheduling and Discovery Order, and now there is no time to take depositions or designate rebuttal experts as the discovery period has ended; therefore, the expert witnesses should be excluded.

---

1 [Doc. 10].
2 [Doc. 17].
3 [Doc. 22].
4 Plaintiff only seeks to exclude four of the five experts, not Defendant Chiquita Fye, M.D.

2

## DISCUSSION

Under Rule 26, the parties are required to disclose all expert witnesses, accompanied with a written report, "at the times and in the sequence that the court orders."[5]  The Court's Rule 16 and 26 Order requires expert disclosures to be filed "early enough in the discovery period to give the opposing party the opportunity to depose the expert."[6]  Under Rule 37, "[i]f a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless."[7]  "The burden of establishing that a failure to disclose was substantially justified or harmless rests on the nondisclosing party."[8]  The Court has "broad, although not unbridled, discretion in imposing sanctions under Rule 37."[9]

First, Defendant contends his late disclosure is substantially justified because it was due to Plaintiff's own discovery delays.  Although Defendant requested the depositions of Plaintiff's experts on December 10, 2015, the depositions were delayed until April and June of 2016.  Indeed, the June deposition transcript of Plaintiff's

---

5  Fed. R. Civ. P. 26(a)(2)(A)-(C).
6  [Doc. 14] at p. 3.
7  Fed. R. Civ. P. 37(c)(1).
8  *Mitchell v. Ford Motor Co.*, 318 F. App'x 821, 824 (11th Cir. 2009) (per curiam) (internal quotation marks omitted).
9  *Pesaplastic, C.A. v. Cincinnati Milacron Co.*, 799 F.2d 1510, 1519 (11th Cir. 1986) (internal quotations and citations omitted).

3

standard of care expert did not become available until two days after discovery ended. Additionally, Plaintiff did not depose Defendant Dr. Fitz-Henley until June 22, 2016, one week after discovery ended. Counsel for Defendant claims she told Plaintiff's counsel multiple times she needed to depose his experts before making defense experts available, although counsel for Plaintiff disputes ever being notified after the telephone conference of a need for additional information. Defendant argues he attempted to comply with the disclosure obligations, but he ultimately was hampered by Plaintiff's failure to take depositions earlier in discovery.

Second, Defendant argues the delay was harmless, as the Court has not set a trial date, and Plaintiff still has an opportunity to depose the retained experts and already has access to the treating physicians. Defendant points to *OFS Fitel, LLC, v. Epstein, Becker & Green, PC*, to support his arguments.[10] In *Fitel*, the Eleventh Circuit Courts of Appeals reversed the district court's order excluding an expert report for untimely production.[11] The Eleventh Circuit found the late disclosure was not a willful delay or stonewalling, but rather, it was due to a good-faith attempt to accommodate the opposing counsel's schedule, and a good-faith belief that expert disclosures should not be made until the relevant fact discovery was complete.[12] Though the facts of *Fitel* are not identical to this

---

10  549 F.3d 1344 (2013).
11  *Id.* at 1364-65.
12  *Id.*

4

case, the Court agrees the same reasoning applies here.  Defendant's untimely disclosure was only given eleven (11) days after Plaintiff's standard of care expert was deposed, and most importantly, no trial date for the case has been set.[13]  The Court finds the late disclosure was substantially justified and harmless.[14]  Accordingly, Plaintiff's Motion to Exclude [Doc. 23] is **DENIED**.  The Court will re-open discovery for sixty (60) days for the limited purpose of allowing Plaintiff to depose Defendant's expert witnesses.

    **SO ORDERED** this 15th day of July, 2016.

                                                  S/ C. Ashley Royal
                                                  C. ASHLEY ROYAL
                                                  UNITED STATES DISTRICT JUDGE

CML/ssh

---

13 *See id.* ("[M]ost importantly, no trial date for the case had been set or was imminent …. There is no claim here that the passage of time effected [Defendant's] ability to employ a rebuttal legal exert or the ability of its expert to conduct needed analysis.")

14 *See, e.g.*, *Cooper v. Southern Co.*, 390 F.3d 695, 728 (11th Cir. 2004); *Hines v. Dean*, No. 1:02CV3390-MH, 2005 WL 589803, at *3 (N.D. Ga. Mar. 10, 2005).